United States District Court
Southern District of Texas
**ENTERED**
June 01, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| V-REEF SHIPPING SA AND | § | |
| V-BLADE SHIPPING SA, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-1166 |
| | § | |
| LA EXPORT LLC AND | § | |
| LA OXYGEN LLC, | § | |
|    *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This admiralty case is before the Court on Defendant LA Oxygen LLC's Motion to Vacate Attachment.[1] ECF 22. The Court held a prompt hearing pursuant to Supplemental Admiralty Rule E(4)(f) on May 31, 2023. Having considered parties' submissions, argument of counsel, and the law, the Court recommends that the Motion to Vacate be DENIED.[2]

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 9.

[2] In the absence of clear Fifth Circuit authority recognizing Magistrate Judge authority to enter an order denying a motion to vacate a writ of attachment, the Court issues its ruling as a Memorandum and Recommendation. *See James v. M/V EAGLE EXP.*, No. CA 12-423-MJ-C, 2012 WL 3068791, at *1 n.1 (S.D. Ala. July 27, 2012) (recognizing Magistrate Judge that granted writ of seizure had authority to vacate vessel seizure); *K Inv., Inc. v. B-Gas Ltd.*, No. 3:21-CV-00016, 2021 WL 3477356, at *5 n.1 (S.D. Tex. June 4, 2021), report and recommendation adopted, No. 3:21-CV-00016, 2021 WL 3473502 (S.D. Tex. Aug. 6, 2021), aff'd sub nom. *K Invs., Inc. v. B-Gas Ltd.*, No. 21-40642, 2022 WL 964210 (5th Cir. Mar. 30, 2022) (recognizing that a motion to vacate is generally non-dispositive but issuing recommendation out of abundance of caution).

Plaintiffs filed this suit on March 29, 2023 under Federal Rule of Civil Procedure Admiralty Supplemental Rule B(1)(a). ECF 1. Supplemental Rule B(1)(a) authorizes maritime attachment of property when the plaintiff establishes "(1) the plaintiff has a valid prima facie admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment." *Peninsula Petroleum Far E. Pte. Ltd. v. Crystal Cruises, LLC*, No. 4:22-CV-337, 2022 WL 2239847, at *2 (S.D. Tex. June 22, 2022) (citations omitted). The twin purposes of Rule B are "to secure a respondent's appearance and to assure satisfaction in case the suit is successful." *Id.* (quoting *Malin Int'l Ship Repair & Drydock, Inc. v. Oceanografia, S.A. de C.V.*, 817 F.3d 241, 244 (5th Cir. 2016)). On March 31, 2023, the Court issued an Order Directing Clerk to Issue Process of Maritime Attachment and Garnishment and Appointing Process Server. ECF 5. Wells Fargo answered the Writ of Garnishment served upon it, stating that it was in possession of funds in an account held by LA Oxygen LLC in the amount of $43,9265.12. ECF 13.

Supplemental Admiralty Rule E(4)(f) states that any person claiming an interest in attached property is entitled to a prompt hearing at which "the plaintiff shall be required to show why the attachment should not be vacated. Pursuant to Supplemental Rule E(4)(f), Defendant LA Oxygen LLC filed a Motion to Vacate

the attachment of funds in the possession of Wells Fargo. ECF 22. LA Oxygen LLC argues in its Motion to Vacate that the requirements of Rule B have not been met because LA Oxygen *can* be found in this district and Plaintiffs cannot meet their burden to show otherwise. *Id.* Specifically, LA Oxygen LLC alleges that its principal place of business is located at 8300 FM 1960 West, Suite 456, Houston, TX 77070 and its only member, Kimberly Hollingworth, resides in Texas. *Id.*

At the Rule E(4)(f) hearing held on May 31, 2023, Counsel for the parties stipulated on the record at the hearing that the standards for determining whether LA Oxygen LLC is present in this district are the general jurisdiction standards set forth in *Daimler AG v. Bauman*, 571 U.S. 117 (2014). The parties did not present any additional evidence or testimony at the hearing, relying on their briefing and oral argument at the hearing.

The Court finds Plaintiffs met their burden to show that at the time Plaintiffs filed this action LA Oxygen LLC could not be found in this district for service of process. Plaintiffs have shown that, despite listing an office address in Houston, LA Oxygen LLC is not "at home" in Houston in the way contemplated by *Daimler AG*. The Court bases this decision on the totality of circumstances, including:

- Kimberly Hollingsworth's attestation in her unsworn declaration that LA Oxygen LLC's Houston office is "staffed on an as-needed basis" (ECF 22-1);

- Plaintiffs' counsel Kevin J. Lennon's declaration regarding his unsuccessful efforts to find public records identifying a registered agent for service of process in Texas or establishing that Kimberly Hollingsworth is a manager of LA Oxygen LLC authorized to accept service (ECF 1-6); and

- Plaintiffs' counsel David Toy's Affidavit stating that he went to the office identified as the principal place of business, 8300 FM 1960 West, Suite 456, and it showed no signs of occupation by LA Oxygen LLC or Kimberly Hollingsworth (ECF 1-7).

Finally, the most significant evidence submitted by Plaintiffs is the 2022 Florida Limited Liability Company Annual Report for LA Oxygen LLC, which shows that as of the time Plaintiffs instituted this action, LA Oxygen LLC's registered agent was Kimberly Hollingsworth at 14750 SW 26th, Suite 116, Miami, FL 33185. ECF 24-3. Plaintiffs' counsel argued at the hearing that Florida law requires a registered agent to be a resident of Florida. Hollingsworth signed the 2022 Annual Report for LA Oxygen LLC and certified the information was true and accurate, including the information listing her as the Registered Agent and providing a Miami, Florida address. ECF 24-3. Counsel for LA Oxygen LLC conceded at the hearing that it was LA Oxygen LLC's duty to maintain accurate public records and provide correct information to the Florida Secretary of State. The evidence in the record indicates that LA Oxygen LLC has never designated a registered agent for service of process in Texas, and no publicly available records sufficiently describe the structure of LA Oxygen LLC to allow a litigant to determine whether service on Hollingsworth would constitute legally effective service on LA Oxygen LLC. Finally,

Hollingsworth's Declaration states that "as the sole member and manager of LA Oxygen, [she] is the registered agent for service of process," she has "lived in Houston, Texas for 9 years" and that LA Oxygen LLC's principal place of business "at all relevant times…has always been Houston, Texas."  ECF 22-1 at ¶¶ 5, 6, 3.  Yet, the 2021 Florida Limited Liability Company Reinstatement identifies LA Oxygen's principal place of business as Doral, Florida, and identifies Hollingsworth as the Registered Agent at an address in Doral, Florida while the 2022 Annual Report identifies a Miami, Florida address for Hollingsworth as the Registered Agent.  ECF 24-2; ECF 24-3.  On the whole, a preponderance of the evidence demonstrates that LA Oxygen LLC is not "at home" in this district as required for general jurisdiction and was not present for effective service of process in this district at the time Plaintiff filed this proceeding.

For the reasons discussed above and as stated on the record at the hearing, the Court RECOMMENDS that Defendant LA Oxygen LLC's Motion to Vacate be DENIED and the property held by Wells Fargo remain attached until further order.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 01, 2023, at Houston, Texas.

                                                       Christina A. Bryan
                                        United States Magistrate Judge